**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**IN RE:       SURFSIDE RESORTS AND
              SUITES, INC., Debtor**

**WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,**

                **Appellant,**

**-vs-**                           **Case No.  6:06-cv-1174-Orl-28
                                       Bankr. Case No.04-bk-09469-JAF
                                       Adv. Case No.05-ap-00310-JAF**

**SURFSIDE RESORTS AND SUITES,
INC., BRAY & GILLESPIE IX, LLC,**

                **Appellees.**

_____

**ORDER**

This cause is before the Court on Appellant Westchester Surplus Lines Insurance Company's Response to Order to Show Cause (Doc. 15).

The Court is obligated to satisfy itself as to its jurisdiction over this appeal even though neither party has raised any concerns about jurisdiction. See, e.g., Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Appellant maintains that the "Order Granting Defendants' Motion to Dismiss to be Treated as Summary Judgment and Denying Plaintiff's Cross-Motion for Partial Summary Judgment" is a final, appealable order and that therefore this Court has jurisdiction under 28 U.S.C. § 158(a) to hear this appeal. However, the cases cited by Appellant refer to orders

that "entered" summary judgment or "dismissed" an adversary proceeding. See, e.g., Southerland v. Smith, 136 B.R. 565 (M.D. Fla. 1992). The order appealed in the instant case does neither; instead, it grants a motion for summary judgment and denies a motion for partial summary judgment. See, e.g., Brown v. Wilshire Credit Corp. (In re Thurman), 484 F.3d 1116, 1121 (9th Cir. 2007) ("Indeed, with respect to finality, we have previously drawn a distinction between (1) an order that merely provides that '[t]he motion of the Defendant for summary judgment . . . is now decided as follows: The said motion is hereby granted,' and (2) a later judgment that concluded, 'It is, therefore, ordered, and decreed that the plaintiff take nothing by its actions against the defendant.'") (quoting Monarch Brewing Co. v. George J. Meyer Mfg. Co., 130 F.2d 582, 583 (9th Cir. 1942)) (alteration in original).

Moreover, it does not appear that the adversary proceeding has been dismissed or closed in the bankruptcy court – the bankruptcy court docket sheet that is part of the appellate record does not reflect dismissal or closure. (Bankruptcy Court Docket Sheet, Doc. 1-4). Although the Court would not dismiss this appeal merely for lack of a judgment entered on a separate document, the lack of such a separate document adds to the uncertainty as to the finality of the bankruptcy court's order – uncertainty which the separate judgment rule was designed to avoid. See Enodis Corp. v. Employer Ins. of Wausau (In re Consol. Indus.), 279 B.R. 831 (N.D. Ind. 2002) (remanding to bankruptcy court for entry of a judgment on a separate document where appellant appealed from order dismissing adversary proceeding).

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that this appeal is **DISMISSED without prejudice** to the taking of a timely appeal to this Court upon entry of a final order in the bankruptcy court. The Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida on this 7th day of June, 2007.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record